# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DERRICK JERMAIN BROWN,<br>D'ANTHONY LAMONT MOORE,<br>ANTWAIN DESHAUN SPRATT,<br>TYWONE DERREL MATTHEWS,<br>and JEFFERY DONTA HITCHCOCK,<br><br>Defendants. | No. CR16-1018<br><br>RULING ON MOTIONS TO SEVER |

On the 4th day of October 2016, this matter came on for hearing on the Motion to Sever (docket number 58) filed by Defendant D'Anthony Lamont Moore on August 26, 2016, the Motion to Sever From Co-Defendants (docket number 59) filed by Defendant Jeffery Donta Hitchcock on August 30, the Motion to Sever (docket number 60) filed by Defendant Antwain Deshaun Spratt on August 30, and the Motion to Sever (docket number 61) filed by Defendant Tywone Matthews on August 30.

The Government was represented by Assistant United States Attorney Dan Chatham. Defendant Derrick Jermain Brown was present and represented by his attorney, John Bishop. Defendant D'Anthony Lamont Moore was present and represented by his attorney, Michael Lindeman. Defendant Antwain Deshaun Spratt was present and represented by his attorney, Melanie Keiper. Defendant Tywone Derrel Matthews was present and represented by his attorney, Anne Laverty. Defendant Jeffery Donta Hitchcock was present and represented by his attorney, Michael Lahammer.

## I. BACKGROUND

On May 12, 2016, a grand jury returned an indictment charging four of the Defendants in twelve counts. At their respective arraignments, each Defendant entered a plea of not guilty and the matter was set for trial. On June 8, a superseding indictment was filed adding Tywone Matthews as a Defendant, adding a "death resulting" allegation, and adding two additional counts. The trials were subsequently consolidated and rescheduled for December 12, 2016.

All five Defendants are charged in Count 1 of the Superseding Indictment with conspiracy to distribute controlled substances in a protected location resulting in death. Each of the Defendants is also charged with at least one count of distribution of a controlled substance. Defendant Spratt is charged in Count 14 with possession of a firearm by a felon.

Four of the five Defendants (all but Brown) have filed motions asking that their trial be severed from the trial of the other Defendants. In addition, Defendant Spratt asks that his weapons charge be tried separately from his drug charges.

## II. DISCUSSION

### A. Bruton Issue

In the brief filed in support of his motion to sever, Moore asserts that "other codefendants may testify as to out of court statements of Defendant Moore that incriminate Moore," thereby raising an issue under *Bruton v. United States*, 391 U.S. 123 (1968). In *Bruton*, the trial court admitted testimony regarding a co-defendant's confession inculpating the defendant. The court instructed the jury that the co-defendant's confession had to be disregarded in determining the defendant's guilt or innocence. The Supreme Court concluded that when a co-defendant's confession is admitted at a joint trial and the co-defendant does not take the stand, then the defendant is denied his Constitutional right of confrontation. *Id.* at 126-27. A limiting instruction is not an adequate substitute for the defendant's Constitutional right of cross-examination. *Id.* at 137.

2

Apparently, Brown gave a post-*Miranda* statement to law enforcement which inculpates Moore. The Government intends to use Brown's admissions at the time of trial. The United States concedes that Brown's statements at Moore's trial would violate Moore's right to confrontation if Brown does not testify at trial. The Government agrees *Bruton* requires the trials for Moore and Brown be severed.

According to the Government, however, Brown did not give any statements inculpating Defendants Spratt, Matthews, or Hitchcock. While those Defendants all refer to *Bruton* in their motions, counsel for those three Defendants conceded at the hearing that they knew of no out-of-court statements made by Brown which would inculpate their client. Furthermore, there is no indication that any of the other Defendants gave statements to authorities — which the Government would then use at the time of trial — inculpating one another. Accordingly, *Bruton* would not prevent Moore, Spratt, Matthews, and Hitchcock from being tried together.

## B. *Mutually Antagonistic Defenses*

In the brief filed in support of his motion to sever, Moore also asserts that severance of the trials is warranted "because there is a foreseeable danger of undue prejudice caused by the mutually antagonistic defenses present with him and his co-defendants." At the time of hearing, however, Moore's attorney advised the Court that his "main argument" was the *Bruton* issue and, because the parties agree that Brown and Moore must be tried separately, he is not pursuing a claim of mutually antagonistic defenses. That is, Mr. Lindeman advised the Court that he "ha[d] seen nothing in discovery that would indicate that the other defendants would have a defense mutually antagonistic to my client." None of the other Defendants raised the issue of mutually antagonistic defenses in their motions, and counsel for Spratt, Matthews, and Hitchcock all confirmed at the hearing that they were not claiming a right to sever based on irreconcilable defenses.

3

## C. Degrees of Culpability

Each of the four movants claims that his trial should be severed because of his limited involvement in the alleged conspiracy. Moore claims in his brief that the evidence against him "is inconsequential and substantially less than the other codefendants." Hitchcock argues he "had very attenuated ties" to the distribution of heroin and fentanyl allegedly causing a person's death. Spratt states flatly that he "was not involved in Mr. Brown's conspiracy to deliver heroin." Matthews apparently intends to offer a "partial alibi" defense, asserting that he "was not in Dubuque and/or was in jail for a significant portion of the time period specified in the conspiracy count." Matthews argues there "is a substantial risk the jury will consider him guilty by association."

FEDERAL RULE OF CRIMINAL PROCEDURE 8(b) permits two or more defendants to be charged in the same indictment "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro v. United States*, 506 U.S. 534, 537 (1993). Joint trials "promote efficiency" and "play a vital role in the criminal justice system." *Id.* (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)). Co-defendants charged with a conspiracy should generally be tried together because a joint trial gives "the jury the best perspective on all of the evidence and therefore increases the likelihood of a correct outcome." *United States v. Joiner*, 418 F.3d 863, 868 (8th Cir. 2005) (quoting *United States v. Flores*, 362 F.3d 1030, 1039 (8th Cir. 2004)).

RULE 14(a) provides, however, that if the joinder appears to prejudice a defendant, then the court "may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." However, "the presumption against severing properly joined cases is strong." *Delpit v. United States*, 94 F.3d 1134, 1143 (8th Cir. 1996). "Rarely, if ever, will it be improper for coconspirators to be tried together." *United States v. Wint*, 974 F.2d 961, 965 (8th Cir. 1992).

4

To justify a separate trial, a defendant must show "real prejudice." *United States v. Mickelson*, 378 F.3d 810, 817-18 (8th Cir. 2004). "Real prejudice" may be demonstrated if the jury "will be unable to compartmentalize the evidence as it relates to the separate defendants." *Id.* at 818. *See also United States v. Boone*, 437 F.3d 829, 837 (8th Cir. 2006) (a likelihood of prejudice may be demonstrated by showing the jury "cannot be expected to compartmentalize the evidence with respect to different defendants due to a 'prejudicial spillover effect' between the cases against them") (citing *United States v. Lueth*, 807 F.2d 719, 731 (8th Cir. 1986)).

The Court in *Zafiro* noted that "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." 506 U.S. at 539. It should be noted, however, that "[t]he preference for joint trials of defendants jointly indicted, particularly where conspiracy is charged, is not limited by any requirement that the quantum of evidence of each defendant's culpability be equal." *United States v. Cadwell*, 864 F.2d 71, 73-74 (8th Cir. 1988). "The presentation of more evidence applicable to one defendant than to his co-defendants is simply a fact of life in multiple defendant cases." *United States v. Jackson*, 549 F.2d 517, 526 (8th Cir. 1977). "The quantitative inequality of evidence adduced provides no ground for a severance." *Id.*

Here, the Government offered 35 exhibits at the instant hearing, including 2 interview statements, 10 transcripts of grand jury testimony, reports regarding controlled buys by Moore, Matthews, Hitchcock, and Spratt, lab reports, and other reports regarding surveillance and the execution of search warrants. When offering the exhibits, the Government noted that Defendants have the burden of proving their entitlement to a severance of the trials. Defendant Hitchcock offered six additional exhibits, and Defendant Spratt offered an additional exhibit.

I will not attempt to summarize the evidence regarding the alleged conspiracy or attempt to rank the Defendants in order of their apparent involvement. While the evidence

against one Defendant may be stronger than the evidence against another Defendant, that is "simply a fact of life in multiple defendant cases." *Jackson*, 549 F.2d at 526. The "quantitative inequality of evidence" does not justify a severance unless the jury "will be unable to compartmentalize the evidence as it relates to the separate defendants." *Mickelson*, 378 F.3d at 818. If Brown is afforded a separate trial, then there are only four defendants remaining. Defendants have not established that this case is so complex that the jury will be unable to compartmentalize the evidence relating to each individual defendant. The Court is confident that the alleged weaknesses in the Government's case on the conspiracy count will be forcefully pointed out to the jurors by Defendants' experienced and highly capable attorneys. Furthermore, even if the Defendants were tried separately, much of the evidence regarding the alleged conspiracy would be admissible in each individual case. Accordingly, in the vast majority of cases, it is proper to try co-conspirators together. *Wint*, 974 F.2d at 965.

### D. Firearms Charge

Defendant Spratt is charged in the Superseding Indictment with conspiracy (Count 1) and distribution of heroin on March 24, 2016 (Count 7). Spratt is also charged in Count 14 of the Superseding Indictment with possession of a firearm by a felon. It is alleged that on April 19, 2016, Spratt — who has allegedly been convicted of five felonies — was in possession of a 9mm pistol. According to the reports (Government's Exhibit 28), Dubuque police officers assisted United States deputy marshals in arresting Spratt in an apartment. A consent search of the closet where Spratt was hiding revealed an unloaded 9mm handgun wrapped in a t-shirt.

To my knowledge, there is no evidence that Spratt, or any of the other Defendants, were in possession of a firearm during any of the controlled buys or in furtherance of the conspiracy. Rather, the gun was found in the closet where Spratt was hiding when authorities executed a warrant for his arrest. In arguing that the firearm charge is properly joined to the drug charges, the Government points to a "close and well-known connection

6

between firearms and drugs." *United States v. Claxton*, 276 F.3d 420, 423 (8th Cir. 2002). The Government also cites *United States v. Johnson*, 462 F.3d 815 (8th Cir. 2006). There, the defendant was charged with two drug offenses and three firearm offenses. The weapons charges arose from an "unrelated incident" approximately three weeks after the first drug incident, with the second drug incident occurring "a few months later." *Id.* The drug trafficking activity occurred on the streets, while the firearms possession charges occurred in the defendant's girlfriend's apartment. No drugs were found when the police searched the apartment. While acknowledging that "[t]his issue presents a close question," and noting that "the connection between Johnson's drug trafficking and his weapons offenses is not particularly strong," the Court nonetheless concluded that the trial court did not err in denying the defendant's severance motion.

In the interest of justice, I believe the weapons charge should be severed for trial in this case. While there is a "close temporal proximity" between Spratt's alleged narcotics activities and his alleged possession of the firearm, there is no evidence suggesting Spratt actually employed the firearm in the furtherance of his drug activities. The gun was found in the closet where Spratt was hiding, but no drugs were found in the apartment. Importantly, Spratt is also being tried with three other defendants. Evidence regarding Spratt's alleged possession of a firearm on April 19 will potentially prejudice the other defendants, who are not alleged to have possessed any firearm. While it is a "close case," I believe the trial on Spratt's firearms charge (Count 14) should be severed.

### E. Summary

In summary, the parties agree that Defendants Brown and Moore must be tried separately due to the *Bruton* issue. I conclude, however, that the drug charges against Moore, Spratt, Matthews, and Hitchcock may be submitted in a single trial. Finally, I believe the firearms charge against Spratt should be tried separately.

## III. ORDER

IT IS THEREFORE ORDERED that the Motions to Sever (docket numbers 58, 59, 60, and 61) are **GRANTED in part** and **OVERRULED in part** as follows:

1. Defendant Derrick Brown will be afforded a separate trial.

2. Defendants D'Anthony Moore, Antwain Spratt, Tywone Matthews, and Jeffery Hitchcock will be tried in a joint trial on all of the drug charges.

3. Defendant Antwain Spratt will be afforded a separate trial on the firearms charge (Count 14).

DATED this 7th day of November, 2016.

_____
JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA